## Ex parte JOHN McGOWAN.

No. 11716—Opinion Filed May 22, 1923.

(Syllabus.)

**1. Habeas Corpus—Lack of Jurisdiction in Trial Court—Remedies.**

Where the trial court has no jurisdiction of the person of the defendant or of the offense charged, the remedy of one convicted therein may be by appeal or by habeas corpus.

**2. Commerce—Interstate Commerce—Traveling Solicitors of Orders for Foreign Company.**

Where a traveling representative or agent of a foreign corporation, who carries with him samples of goods, wares, and merchandise kept for sale by his principal, but in which such agent has no interest, and which he does not sell or offer to sell, goes from place to place in this state exhibiting such samples, soliciting orders for like or similar goods, wares, and merchandise kept by his principal in another state, and forwards printed orders for same to his principal when signed by prospective purchasers, which goods, wares, and merchandise so ordered are shipped to said agent or some other person only after said order is approved by said principal, to be delivered to said purchaser, held, that such transaction constitutes interstate commerce and is governed by section 8, article 1, of the federal Constitution.

**3. Same—Licenses—Habeas Corpus—Powers of City to Impose Occupation Tax on Traveling Solicitor.**

A city cannot impose an occupation tax upon persons engaged therein in interstate commerce business, and any proceeding against a person so engaged, because of failure and refusal to pay such tax, would be without warrant of law and void, and imprisonment of such person on account of such failure and refusal to pay said tax would be illegal, and said person would be entitled to be discharged therefrom on habeas corpus.

Original Application of John McGowan for Writ of Habeas Corpus. Petitioner discharged.

Fred W. Kopplin and Edgar M. Lee, for petitioner.

Ed O. Gottry, City Atty. of Sand Springs, for respondents.

MASON, J. On September 17, 1920, the petitioner, John McGowan, filed his original

petition in this court for a writ of habeas corpus, alleging that he is unlawfully restrained of his liberty in the city jail of Sand Springs, Okla., by George Brown, mayor; Paul P. Pinkerton, police judge; and B. L. Waddle, chief of the police of said city.

Petitioner alleges that he is so unlawfully restrained of his liberty in violation of the Constitution of the United States and in violation of the statutes of the state of Oklahoma; that such unlawful imprisonment consists in that the petitioner was arrested under and by virtue of a complaint and warrant in and issued from the police court of the city of Sand Springs, Okla., charging petitioner with selling goods wares, and merchandise without having first procured from the authorities of said city a license in accordance with the terms of ordinance No. 31-A of said city, and that the said B. L. Waddle, chief of police of said city, is now holding him in the city jail of said city by virtue of a complaint, warrant, and commitment from said police court.

The petition further alleges that the petitioner is a traveling salesman for L. B. Price Mercantile Company, a foreign corporation, incorporated under the laws of Missouri, with one of its principal places of business at Fort Worth, Texas; that the petitioner is a representative and soliciting agent of said company; that petitioner goes from place to place in said city of Sand Springs, Okla., and carries with him samples of goods, wares, and merchandise kept for sale by his principal in the state of Texas, and that petitioner shows these samples to parties in said city of Sand Springs for their examination, and if said parties desire to purchase or arrange for the purchase of articles of a similar kind and character kept for sale by the said company, petitioner takes orders of such customers in writing and forwards same to said company in said city of Fort Worth, Tex.; that if said company approves said order, the goods so ordered as aforesaid, are shipped from Fort Worth, Tex., to the petitioner or to some agent of the said company by means of common carriers and said goods are delivered by one of the agents as aforesaid to the customer pursuant to the order taken; that, upon receipt of said goods so delivered, the customer arranges with said company in Fort Worth, Tex., for the same and settlement therefor; that petitioner, while engaged as aforesaid and not otherwise, was arrested, charged with the violation of said ordinance No. 31-A of the city of Sand Springs, Okla.; that the business in which the petitioner was engaged was wholly interstate commerce business; that petitioner did not own the samples that he carried about with him, and had no right, claim, title, or interest in the same; that he did not sell goods, wares, and merchandise within the city of Sand Springs, and did not sell or offer for sale the samples he carried with him, and that he made no direct sales himself; that he does not carry or expose goods for sale; that, at the time of taking orders aforesaid, the goods with which said orders were to be filed were in the city of Fort Worth, Tex.

Petitioner further alleges that the city of Sand Springs, Okla., cannot impose a tax upon persons engaged therein in interstate commerce, and the ordinance for the violation of which the petitioner is restrained of his liberty, requiring the payment of a business or occupation tax by those engaged in business in said city, is not valid as against the petitioner, and cannot be enforced against him, and said proceeding against petitioner, because of his failure or refusal to pay such occupation tax, is without warrant of law and void, and the imprisonment of petitioner on account of failure to pay such tax is illegal and entitles petitioner to discharge by habeas corpus.

Petitioner further alleges that, on the 4th day of August, 1920, he filed his habeas corpus proceedings in the district court of Tulsa county; on the 15th day of September, a writ of habeas corpus was by the judge of said court denied, and he was recommitted to the city jail of Sand Springs, Okla.

It further appears that, prior to the time of filing said petition herein, the respondents had been notified by the applicant herein that said petition would be filed. It also appears that, at the time of filing said petition, a motion to admit the petitioner to bail was filed and an order was made admitting petitioner to bail and a writ of habeas corpus issued to the respondents herein, releasing the petitioner pending these proceedings.

It also appears from the records herein that the petitioner and respondents have entered into a stipulation whereby this case is presented upon the evidence taken in the district court of Tulsa county on the application for a writ of habeas corpus in said court, a copy of which, as transcribed by the official court reporter, is attached to the petition herein.

It is admitted that at the time of filing the petition herein, the respondent B. L. Waddle, chief of police, held the petitioner in confinement by virtue of complaint, warrant, and commitment issued out of the police court of the city of Sand Springs. The respondents contend that the police court of the city of Sand Springs had jurisdiction of both the petitioner and the subject-matter, and that, upon trial duly had, the defendant was found guilty and a fine of $19.50 and costs in the sum of $8 was assessed against the defendant, which he failed and refused to pay, and that the petitioner was committed to jail in default of said payment. Respondents further contend that if the petitioner was aggrieved at said judgment, his remedy was by appeal, and that habeas corpus is not the proper procedure.

It is well settled that, where the trial court has jurisdiction of the person of the defendant and of the offense charged, the remedy after judgment is by appeal and not by writ of habeas corpus. Section 432, and subsection 2, Comp. Stat. 1921, states as follows:

"432. No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction; or  *  *  *"

The only question for our consideration, then, is, "Whether or not the police court of the city of Sand Springs had jurisdiction in this case?" In this connection, we must inquire, "Was the business in which the petitioner was engaged interstate commerce?" If so, the city of Sand Springs could not impose a tax upon persons engaged therein, and any ordinance which might have been enacted by said city requiring the payment of a business or occupation tax by those engaged in such business in said city would not have been valid as against said petitioner, and could not be enforced against him, and any proceedings against said petitioner because of his failure or refusal to pay such occupation tax would have been without warrant of law and void, and any imprisonment of the petitioner on account of such failure to pay such tax would be illegal, and the petitioner would be entitled to discharge therefrom by habeas corpus.

The allegations set forth in the petitioner's application for habeas corpus, descriptive of the business in which he was engaged, its character, and the methods of its transaction, were not controverted in any particular by the respondents, and are sustained by all of the evidence in the case.

The question before us is, Was the petitioner engaged in interstate commerce business, and was that the business for which he was arrested and deprived of his liberty? That business which is within the protection and under the regulation of the Constitution and the laws of United States relating to interstate commerce has been so often defined, and the prohibition against interference therewith by the states or municipalities has been so often declared, that there should not be any controversy over the proposition involved in this case, if said business constitutes interstate commerce. Section 8, article 1, of the federal Constitution provides as follows:

"The Congress shall have power to  *  *  *  regulate commerce with foreign nations, and among the several states, and with the Indian Tribes."

What, then, constitutes interstate commerce?

In Robbins v. Shelby Taxing District, 120 U. S. Rep., in the body of the opinion, p. 494, the court says:

"In view of these fundamental principles, which are to govern our decision, we may approach the question submitted to us in the present case, and inquire whether it is competent for a state to levy a tax or impose any other restriction upon the citizens or inhabitants of other states, for selling or seeking to sell their goods in such state before they are introduced therein. Do not such restrictions affect the very foundation of interstate trade? How is a manufacturer, or a merchant, of one state, to sell his goods in another state, without, in some way, obtaining orders therefor? Must he be compelled to send them at a venture, without knowing whether there is any demand for them?  *  *  *  In these cases, then, what shall the merchant or manufacturer do, who wishes to sell his goods in other states? Must he sit still in his factory or warehouse, and wait for the people of these states to come to him? This would be a silly and ruinous proceeding. The only other way, and the one, perhaps, which most extensively prevails, is to obtain orders from persons residing or doing business in those other states. But how is the merchant or manufacturer to secure such orders? If he may be taxed by such states for doing so, who shall limit the tax? It may amount to prohibition. To say that such a tax is not a burden upon interstate commerce, it is at least unadvisedly and without due attention to the truth of things."

Further in the body of the opinion, supra, p. 497, the court says:

"Interstate commerce cannot be taxed at all, even though the same amount of tax should be laid on domestic commerce, or that which is carried on solely within the state. This was decided in the case of The State Freight Tax, 15 Wall. 232. The negotiation of sales of goods which are in another state, for the purpose of introducing them into the state in which the negotiation is made, is interstate commerce."

Does the case at bar come within this rule? We are of the opinion that it does. Therefore, it is ordered that the application for writ of habeas corpus be granted and that the petitioner be discharged.

JOHNSON, C. J., and KENNAMER, COCHRAN, and HARRISON, JJ., concur.